CLERK'S OFFICE U.S. DIST. COURT
AT ROANO     VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

MAR 1 3 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| **DONALD EUGENE CASEY,** ) | **CASE NO. 7:12CV00107** |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OPINION** |
| **vs.** ) | |
| ) | |
| **BOBBY D. RUSSELL, ET AL.,** ) | **By:  James C. Turk** |
| ) | **Senior United States District Judge** |
| **Defendant(s).** ) | |

Donald Eugene Casey, a Virginia inmate proceeding pro se, filed this civil rights action

pursuant to 42 U.S.C. § 1983, alleging that officers at the Western Virginia Regional Jail refuse

to provide him with the necessary form to file a grievance, so that he can exhaust his

administrative remedies as required before filing a civil rights action.  Casey seeks interlocutory

injunctive relief, ordering jail officials to provide him grievance forms.  The court summarily

dismisses this action, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous.

The court is required to dismiss any action or claim filed by a prisoner against a

governmental entity or officer if the court determines the action or claim is frivolous, malicious,

or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To state a

cause of action under § 1983, a plaintiff must establish that he has been deprived of rights

guaranteed by the Constitution or laws of the United States and that this deprivation resulted

from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S.

42 (1988).

Inmates do not have a constitutionally protected right to a grievance procedure in jail.

Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  Moreover, because a state grievance procedure

does not confer any substantive right upon prison inmates, a prison official's failure to comply

with the prison's grievance procedure is not actionable under § 1983.  Mann v. Adams, 855 F.2d

639, 640 (9th Cir. 1988).  Because a jail's grievance procedures are separate and distinct from

state and federal legal procedures, an institution's failure to comply with its own grievance

procedures does not compromise its inmates' right of access to the courts.  Flick v. Alba, 932

F.2d 728, 729 (8th Cir. 1991).

Under these principles, Casey's complaint must be dismissed as legally frivolous.

Because he has no constitutional right to a grievance procedure, officials' alleged actions do not

give rise to any claim actionable under § 1983, for denial of access to the grievance procedures

or for interference with the right to access the court.  Furthermore, because Casey's claim has no

merit, his motion for interlocutory injunctive relief must be denied.  An appropriate order will

issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying

order to plaintiff.

ENTER:  This _12th_ day of March, 2012.

_____
Senior United States District Judge

2